IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Glenn Michael Moccia, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:17-3324-BHH |
| v. ) | |
| ) | |
| Robert W. Van Pelt, III, ) | **ORDER** |
| Laurens Police Department, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Glenn Michael Moccia, Jr.'s pro se complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On December 20, 2017, Magistrate Judge Jacquelyn D. Austin advised Plaintiff of his duty to keep the Court informed of his current address. On April 19, 2018, Defendants filed a motion for summary judgment. In a Roseboro order dated April 20, 2018, the Magistrate Judge advised Plaintiff of the summary judgment/dismissal procedure and the possible consequences of a failure to respond to Defendants' motion. Despite this order, Plaintiff did not respond to Defendants' motion. Because Plaintiff is proceeding pro se, the Magistrate Judge filed another order giving Plaintiff until June 26, 2018, to respond to the motion for summary judgment. The order specifically advised Plaintiff that if he failed to respond, then the action would be dismissed for failure to prosecute. This order was returned to the Court marked "RETURN TO SENDER/NO SUCH NUMBER/UNABLE TO FORWARD."

On July 2, 2018, the Magistrate Judge issued a report and recommendation ("Report") outlining the history of this action and recommending that the Court dismiss the action for failure to prosecute in accordance with Federal Rule of Civil Procedure 41(b). Attached to the Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. On July 13, 2018, however, the copy of the Magistrate Judge's Report that was mailed to Plaintiff was returned as undeliverable. Thus, it appears that Plaintiff has failed to keep the Court apprised of his current address, and that he no longer wishes to proceed with this action.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, Plaintiff has failed to keep the Court apprised of his current address. In addition, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear

error. After review, the Court finds no clear error and agrees with the Magistrate Judge that this case should be dismissed for lack of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 37) and dismisses this matter with prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

July 25, 2018
Charleston, South Carolina